**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.** **4:05-CR-00329-01-JLH**

**ADRIAN DE JUAN LIPKINS**

**ORDER**

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 41), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction.

Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table in U.S.S.G. § 2D1.1 are potentially eligible for a reduction. On October 3, 2006, Defendant was sentenced to 262 months in prison.[1] His sentence was based on the "applicable guideline range" for a "career offender." For reasons unrelated to the drug quantity table, Defendant's sentence was reduced to 174 months on September 25, 2009.[2]

Since Defendant's base offense level and sentence were not determined by the drug quantity table, but rather by Defendant's status as a "career offender" under U.S.S.G. § 4B1.1, the amended crack cocaine sentencing guidelines do not apply.[3] Defendant acknowledges that his sentence was based on his status as a "career offender," but asks that the "previous sentence of 174 months imprisonment imposed be reduced to reflect the amendment to the crack cocaine

---

[1]Doc. Nos. 27, 28.

[2]Doc. No. 31.

[3]See the United States Sentencing Commission's "Reader-Friendly" Version of the Final 2011 Guideline Amendment Implementing the Fair Sentencing Act, *available at* http://www.ussc.gov/Meetings_and_Rulemaking/Materials_on_Federal_Cocaine_Offenses/20110428_RF_Amendments_Pages.pdf

guidelines."[4] Defendant cited no law to support his request for a reduction, despite his status as a "career offender."

To the extent that Defendant is arguing that a subsequent Rule 35 reduction negates his status as a "career offender" and makes him eligible for a reduction under the new crack cocaine guidelines, the argument is without merit. A Rule 35 reduction does not change the fact that Defendant's "applicable guideline range" was based on his status as a "career offender."[5] The subsequent reduction simply lowered the originally imposed sentenced, which, again, was based on Defendant's "career offender" status.

Accordingly, Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 41) is DENIED.

IT IS SO ORDERED this 28th day of November, 2011.

J. Leon Holmes

UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 41.

[5]See *United States v. Tolliver*, 570 F.3d 1062, 1066 (8th Cir.2009) (finding that a defendant who was sentenced as a career offender, but later received a downward departure, was not entitled to a sentencing reduction under the retroactive crack guidelines) and *United States v. King*, 360 Fed. Appx. 714 (8th Cir. 2010) (noting that a "Rule 35 reduction did not affect how Amendment 706 applied."). See also *United States v. Guyton*, 636 F.3d 316, 320 (7th Cir. 2011) (holding that "a career offender whose imprisonment term falls below his career offender range only by virtue of a departure under Part 5H or 5K cannot received a reduction under section 3582(c)(2) unless the Sentencing Commission retroactively amends the career offender guideline.").